UNITED STATES v. WOLFF et al.

(Circuit Court, S. D. New York. June 3, 1895.)

No. 1,721.

CUSTOMS DUTIES—CLASSIFICATION—METALLIC PINS.

Hat and lace pins having heads of glass or similar material (metal being of chief value in the hat pins, and glass or glue in the lace pins) are dutiable as "metallic" bonnet and lace or belt pins, under paragraph 206, Act Oct. 1, 1890, and not as manufactures of metal, under paragraph 215.

This was an application in behalf of the United States for a review of the decision of the board of general appraisers reversing the action of the collector of the port of New York as to the rate of duty on certain merchandise claimed by H. Wolff & Co.

James T. Van Rensselaer, Asst. U. S. Atty.

Albert Comstock (of Comstock & Brown), for defendants.

TOWNSEND, District Judge (orally). The articles in question are hat and lace pins having heads of glass or similar material; metal being of chief value in the hat pins, and the glass or glue of chief value in the lace pins. The collector classified them for duty at 45 per cent., as manufactures of metal, under paragraph 215 of the tariff act of 1890. The importers claimed that they should be assessed for duty at 30 per cent. ad valorem, under paragraph 206 of said act. The board of general appraisers reversed the action of the collector, and classified them for duty as "metallic" bonnet and lace or belt pins respectively, under said paragraph 206. From this decision the government appeals.

This case presents a different question from those referred to and relied upon by counsel for the government, where no evidence was before the court as to any meaning attached to the article in question, other than the natural one. Here it appears from the evidence of experts that every one in the trade understood the term "metallic pins" as a class term, under which were included pins with metallic shanks, as distinguished from pins not made in any part of metal. It furthermore appears that the word "metallic" primarily signifies "pertaining to," or "containing," or "consisting in part of," metal, and in this sense was used in the subsequent act of 1894, where the language is, "metallic pins," etc., "including pins with glass heads." The decision of the board of appraisers is affirmed.