UNITED STATES v. MARSHALL FIELD & CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1898.)

No. 410.

CUSTOMS DUTIES—CLASSIFICATION—MANUFACTURES OF PASTE.
   Articles in the form of buttons having a metal shank and back, and set with a cluster of imitation diamonds, commercially known as paste, the paste being the component material of chief value, and the articles not being commercially known as buttons nor as jewelry, were dutiable under paragraph 351 of the act of 1894, as "manufactures of * * * paste or of which paste is the component material of chief value," and not as "buttons of glass," under paragraph 317.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This was an appeal by Marshall Field & Co. from a decision of the board of general appraisers reversing the decision of the collector of customs at the port of Chicago in respect to the classification for duty of certain imported merchandise. The circuit court affirmed the classification adopted by the board of general appraisers, and the United States thereupon appealed to this court.

John C. Black, U. S. Atty., and Oliver E. Pagin, Asst. U. S. Atty.

J. M. Barnes, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

PER CURIAM. The question here is of the proper rate of duty on articles of merchandise imported in October, 1895, by Marshall Field & Co. The articles were each in the form of buttons having a metal shank and back and set with a cluster of imitation diamonds. The collector of customs at Chicago classified them as "buttons of glass," dutiable at 35 per cent. ad valorem, under paragraph 317 of the act of August 27, 1894, but the importers, insisting that the classification should be with "manufactures of paste or of which paste is the component material of chief value," dutiable at 25 per cent. ad valorem, appealed to the board of general appraisers at New York. That board, on the evidence adduced, found the merchandise in question to be in the form of buttons with metal shanks, and to consist, in addition to the shank and metal back, of clusters of imitation diamonds commercially known as paste; that the paste was the component material of chief value; that the articles were not known commercially as buttons nor as jewelry; and that, on the principles enunciated by the board in another case mentioned in the

finding, the claim of the protestants, that the merchandise was dutiable as a manufacture of which paste is the component material of chief value, should be sustained.    This decision the court below affirmed, and a careful consideration of the evidence and of the briefs convinces us that the ruling is right.    The decree is therefore affirmed.