WORTHINGTON et al. v. UNITED STATES.

(Circuit Court, S. D. New York. December 16, 1898.)

No. 1,792.

1. CUSTOMS DUTIES—CLASSIFICATION—METALLIC PINS.

Fancy pins, with metal shafts, and metal, glass, or paste heads, are dutiable under paragraph 206 of the tariff law of 1890, as "pins, metallic," and not under paragraph 108, as "manufactures of which glass is the component of chief value, not specially provided for"; paragraph 206 containing no exception of "pins otherwise provided for."

2. SAME—HAT ORNAMENTS OF PASTE.

Millinery or hat ornaments composed chiefly in value of paste, in the form of so-called "Rhinestones," their remaining material being metal backs and frames to hold the paste stones, are dutiable under paragraph 459 of the tariff law of 1890, as manufactures of which paste is the component of chief value, not specially provided for, and not under paragraph 108, as manufactures of which glass is the component of chief value, not specially provided for, nor under paragraph 452, as articles of jewelry.

This is an appeal by Worthington, Smith & Co. from a decision of the board of general appraisers in affirming the classification for duty of certain imported articles of merchandise.

Albert Comstock, for importers.

J. T. Van Rensselaer, Asst. U. S. Atty.

TOWNSEND, District Judge. The evidence in this case shows without dispute that the merchandise covered herein, which was imported under the tariff act of 1890, consisted of fancy pins, with metal shafts, and metal, glass, or paste heads, and of millinery or hat ornaments, composed chiefly in value of paste, in the form of so-called "Rhinestones"; their remaining material being metal backs and frames to hold the paste stones. Duty was assessed on all these goods at 60 per cent., as manufactures of which glass is the component of chief value, not specially provided for, under paragraph 108 of the act in question. The importers claim that the pins were dutiable at 30 per cent. only, under paragraph 206, as "pins, metallic," irrespective of the component of chief value, and that the other articles were dutiable at 25 per cent. only, under paragraph 459, as manufactures of which paste is the component of chief value, not specially provided for. It was decided by this court in U. S. v. Wolff, 69 Fed. 327, that pins with metal shafts were "pins, metallic," in the sense of paragraph 206, and the evidence in the present case fully supports that conclusion. As the paragraph is unqualified by any exception of such pins "otherwise provided for," all such are dutiable thereunder, however much they might otherwise meet the provisions of paragraph 108, or any other part of the act.

As to the other articles, the proof shows that they are not composed in any part of glass, except in such sense as "paste" may be glass; the evidence showing that paste is the component of chief value. But congress has long discriminated between paste and glass in tariff acts, and the provision cited by the appellants is, as between that and paragraph 108, the only one applicable to the goods under discussion. If, however, these articles are jewelry, there is a paragraph (452) which

more specifically provides for them, at 50 per cent., than does "manufactures of paste not specially provided for." The common acceptation of the term "jewelry" would not include a paste buckle to be sewn into the trimmings of a hat. The evidence in this case shows that these millinery ornaments are for such use, and are of too cheap and fragile a character to be much handled, or constantly removed and replaced, as is the practice with jewelry. Furthermore, it shows that in the wholesale millinery trade, to which these articles pertain, they are never known commercially as "jewelry," as paragraph 452 requires that articles should be, in order to come within it. Therefore there is no paragraph of the law applicable to these articles, except No. 459, cited by the appellants. Paste and metal "cabochons," articles of the same class and materials, were held dutiable as unenumerated manufactures of which paste was chief value, by the circuit court of appeals in U. S. v. Field, 29 C. C. A. 458, and 85 Fed. 862. The decision of the board of appraisers is reversed, and it is held that the pins are dutiable at 30 per cent., under paragraph 206, and the other articles at 25 per cent., under paragraph 459, both of said act.