## UNITED STATES *v.* VEITH (No. 1357).[1]

BUTTONS IN CHIEF VALUE OF PASTE.

There has been a legislative recognition that for tariff purposes there is a difference between paste and glass. The buttons here are manufactures of paste, but they are not classifiable as manufactures in view of the more specific and applicable language appearing in paragraph 427, tariff act of 1909, and they were properly dutiable under that paragraph.

### United States Court of Customs Appeals, May 18, 1914.

Appeal from Board of United States General Appraisers, G. A. 7539 (T. D. 34245).

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*William A. Robertson*, special attorney, of counsel), for the United States.

*Brooks & Brooks* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The undisputed evidence shows that the merchandise in this case is buttons of which paste is the component material of chief value. They were assessed for duty under paragraph 427 of the act of 1909 as glass buttons at three-fourths of 1 cent per line per gross and 15 per cent ad valorem. The importers claim they are dutiable at 45 per cent ad valorem under paragraph 109 as manufactures in chief value of paste or at 50 per cent ad valorem as buttons not specially provided for in the last part of paragraph 427. The board sustained the claim first mentioned. The Government appeals, claiming, if the question were a new one, that the classification of the collector ought to be affirmed, although it concedes, in view of the adjudications hereinafter referred to, that such a holding might be of doubtful propriety. It insists, however, that in any event the merchandise must be held dutiable as set forth in the importers' claim secondly above mentioned. The importers urge that the judgment of the board should be upheld, but if not, agree with the Government that the merchandise is dutiable as buttons not specially provided for.

[1] Reported in T. D. 34478 (26 Treas. Dec., 868).

The material part of paragraph 427 provides for a line measure of three-fourths of 1 cent per line per gross for buttons of glass not specially provided for in the section, with an additional ad valorem rate of 15 per cent, and for "buttons not specially provided for in this section" a duty of 50 per cent ad valorem.

Paragraph 109 provides for—

\* \* \* All glass or manufactures of glass or paste or of which glass or paste is the component material of chief value, not specially provided for in this section, forty-five per centum ad valorem.

In United States *v.* Marshall Field & Co. (85 Fed., 862), decided in 1898, buttons composed in chief value of paste were held dutiable under paragraph 351 of the act of 1894, which so far as material to the issue there involved related to manufactures of paste or of which paste was the component material of chief value. Paragraph 317 of the same act, which was the competing paragraph in that case, provided, so far as relevant to the issue, for "buttons of glass" and did not contain the proviso found in said paragraph 427 for "buttons not specially provided for." Under the law then in force and in view of the facts no other conclusion could properly have been reached in that case.

In Blumenthal *v.* United States (144 Fed., 384), decided in the Circuit Court of Appeals for the Second Circuit in 1905, buttons of metal and paste known as "rhinestone buttons," paste being the material of chief value, were under consideration. It appears from the decision of the board, which was copied in the opinion of the court, that the merchandise involved several protests and had been assessed under different paragraphs. The board stated the issue litigated before it in the following language:

The sole question for decision would resolve itself into an inquiry as to whether buttons made in chief value of paste are to be classified as manufactures of paste or as glass buttons.

The importer in that case contended that as paste was a species of glass the provision for buttons of glass found in paragraph 414 of the act of 1897 was more specific than that for manufactures of paste found in paragraph 112 of the same act.

In an able discussion of the entire question, and upon a review of the legislative history and the judicial interpretations of the statutes involved, the board, by Somerville, General Appraiser, held, that, although paste was a kind of glass, Congress had nevertheless differentiated between the two; that buttons of which paste was the component material of chief value were not buttons of glass within the meaning of paragraph 414; and that inasmuch as paste buttons were not provided for *eo nomine* in that paragraph the buttons before it

were relegated to paragraph 112 for the assessment of duty. The
board further said—

It is unnecessary to consider whether the articles are dutiable as manufactures of
paste under said paragraph 112 or under the last clause of said paragraph 414 as "but-
tons not specially provided for," because no such question is presented by the protest.

The Circuit Court of Appeals, upon the opinion of the board and
by a *per curiam* decision, without discussion, affirmed the judgment
of the Circuit Court which had sustained the board.

In the case at bar the board relied upon the two cases above
referred to as authority for its holding that these buttons, of which
paste is the component material of chief value, are dutiable under
paragraph 109 rather than under paragraph 427, and they well say
that paragraph 109 is identical with paragraph 112 of the act of
1897, involved in the Blumenthal case above referred to. It is also
true that paragraph 414 of the act of 1897 is identical, so far as rele-
vant to the issues here, with paragraph 427 of the act of 1909.

We are of opinion that the subsequent reenactment of these para-
graphs of the act of 1897 in those under consideration here in the act
of 1909 should, in view of the conclusion reached in the Blumenthal
case, be held to be a legislative recognition and affirmance of the
proposition that Congress has designedly differentiated between
paste and glass for tariff purposes. In the Blumenthal case, however,
there was no determination of the question as to whether buttons
of which paste was the component material of chief value were duti-
able as manufactures of paste or as buttons not specially provided for.

Paragraph 427 of the act of 1909 expressly refers to buttons known
commercially as agate buttons, metal trousers buttons (except steel),
and nickel bar buttons, buttons of bone, buttons of pearl or shell,
buttons of horn, vegetable ivory, glass, or metal, shoe buttons made
of paper, board, papier-mâché, pulp, or other similar material, and
certain buttons of metal, and upon which specific and ad valorem
rates or ad valorem rates only of duty are fixed, but it will be noticed
that buttons of paste are not included therein. Near its close the
paragraph refers to "buttons not specially provided for in this sec-
tion, and all collar or cuff buttons and studs composed wholly of
bone, mother-of-pearl, or ivory," on which an ad valorem rate of 50
per cent is assessed.

We think the structure and language of this paragraph clearly
indicate that thereby it is designed to fix the rates of duty upon
buttons generally and by the term "buttons not specially provided
for" to make provision for buttons of *whatever material composed* if
they are not elsewhere provided for in the paragraph or in the statute.
Now, the merchandise here is not glass buttons, but is buttons never-
theless. The not-specially-provided-for provision being in both the
competing paragraphs, their comparative specificity is to be deter-

mined as if it had been omitted. Newman-Andrew Co. *v.* United States (2 Ct. Cust. Appls., 4; T. D. 31570).

So considered, we have manufactures of paste to compare with buttons of whatever material composed, which of course includes paste, and so regarding the issue we think there is no question that the term "buttons" is the more specific. The term "manufactures" s very broad and comprehensive, while the term "buttons" is narrow and exactly describes the merchandise here. Doubtless the Board of General Appraisers overlooked the fact that in the Blumenthal case the issue here presented was expressly excluded from consideration.

The merchandise is held to be dutiable at 50 per cent ad valorem under the last part of paragraph 427, and the judgment of the Board of General Appraisers *reversed*.